**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEKHAR VASANT RAHATE, | No. 11-70722 |
| Petitioner, | Agency No. A096-574-262 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2014[**]
San Francisco, California

Before: NOONAN, FERNANDEZ, and IKUTA, Circuit Judges.

Shekhar Vasant Rahate, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' (BIA) order dismissing his appeal of an

Immigration Judge's (IJ) denial of his application for asylum, withholding of

removal, and relief under the United Nations Convention Against Torture (CAT).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not err in rejecting Rahate's claim that extraordinary circumstances excused his failure to file his asylum application within the one-year limitation period. Rahate's reliance on his wife's representation that she would file a petition on his behalf is not an "extraordinary circumstance" enumerated in the regulation. *See* 8 C.F.R. § 208.4(a)(5). Moreover, Rahate could have pursued asylum and adjustment of status concurrently, so his failure to meet the one-year deadline was not directly related to his application for other relief. *See id.* Accordingly, the BIA did not err in dismissing Rahate's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(2)(B).

Substantial evidence supports the BIA's conclusion that the threatening phone calls during a one-week period and the single incident of violence Rahate experienced more than fifteen years ago did not constitute past persecution for purposes of Rahate's application for withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995). Substantial evidence also supports the BIA's conclusion that Rahate did not establish that it is more likely than not that he would face future persecution in India. *See* 8 C.F.R. § 1208.16(b)(2); *INS v. Stevic*, 467 U.S. 407, 429–30 (1984). More than fifteen years have passed since Rahate's attackers attempted to contact Rahate, and Rahate concedes that there is no evidence that anyone in India is still looking for him. Further, Rahate visited India

2

for two weeks in 2002 without harm.  *See Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008).

Rahate neglected to contest the denial of CAT relief in his opening brief to this court and so he has waived that claim.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).  In any event, Rahate failed to demonstrate that it is more likely than not that he will be tortured in India by or with the acquiescence of a government official.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**